IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SUPERIOR PERFORMERS, INC. d/b/a NATIONAL AGENTS ALLIANCE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:14cv232 |
| JERROD EWING, MYLES JERDAN, DOMONIQUE RODGERS, MATTHEW SMITH, TODD SMITH, SEAN RUGGERIO (MCCOY), MICHAEL KILLIMETT, WILLIAM MARTIN, JOSHUA THOUNE, TRAVIS GEORGE, MIKE WINICK, MICHAEL COE, ROBERT JONES, KRISTOPHER KRAUSE, NICK THEODORE, FAMILY FIRST LIFE, LLC, PAUL E. MCCLAIN, ANDREW C. TAYLOR, JACK YIU, JIM GLASCOTT, JAIME CUAMATZI, WATHERA CUAMATZI, KIM REABER, BOBBY REABER, DENNIS RAUSSEER, JARROD M. FLATAU, RAYMOND MANALUS, ISRAEL WIZENFELD, and LISA M. ESTEP, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants and Third-Party Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| STEPHEN DAVIES, CHRIS LONG, MICHAEL OWENS, ANDY ALBRIGHT, JASON CAREY, JUSTIN TRIPP, ADAM KATZ, TAWNY CAREY, and PRO DATA RESEARCH, LLC, | ) ) ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is currently before the Court on the Motion to Dismiss the Third-Party Complaint [Doc. #29] filed by Third-Party Defendants, Andy Albright, Stephen Davies, Michael Owens, Jason Carey, Tawny Carey, Adam Katz, Chris Long, Justin Tripp, Pro Data Research, LLC, and K.I.T. Marketing, LLC (collectively the "Albright Group") and the Motion to Dismiss the Counterclaim [Doc. #31] filed by Plaintiff Superior Performers, Inc. ("Plaintiff" or "NAA").

Third-Party Plaintiffs and Counter Claimants, Jerrod Ewing, Myles Jerdan, Domonique Rodgers, Matthew Smith, Todd Smith, Sean Ruggerio, Michael Killimett, William Martin, Joshua Thoune, Travis George, Mike Winick, Michael Coe, Robert Jones, Kristopher Krause, Nick Theodore, Paul E. McClain, Andrew C. Taylor, Jackie Yiu, Jim Glascott, Jaime Cuamatzi, Wathera Cuamatzi, Kim Reaber, Bobby Reaber, Dennis Rausseer, Jarrod M. Flatau, Raymond Manalus, Israel Wizenfeld, and Lisa M. Estep (collectively the "Ewing Group")[1] have filed a combined Response in Opposition to the Motions to Dismiss [Doc. #40], to which, Plaintiff and the Albright Group have filed a Reply [Doc. #41]. For the reasons discussed below, the Court will deny the Plaintiff's and the Albright Group's Motions to Dismiss.

---

[1] The Ewing Group includes all remaining Defendants in the above-captioned case, other than Family First Life, LLC ("FFL"). While this is not entirely clear from reading the Counterclaims and Third-Party Claims, the Ewing Group asserts in its Response to the Motions to Dismiss that the Ewing Group includes all Defendants other than FFL. (See Resp. [Doc. #40], at 2.)

I.  BACKGROUND

This case is one of several related cases brought by Plaintiff in an attempt to, among other things, enforce restrictive covenants entered into by current and former NAA agents and managers. In this particular case, Plaintiff asserted breach of contract claims based on alleged violations of the non-solicitation clauses, as well as claims for breach of contract based on other parts of the agent and managerial agreements. Other claims that Plaintiff alleged in this action include claims for tortious interference with business relationships, unfair and deceptive trade practices, unfair competition, civil conspiracy, and wiretapping.

In response to Plaintiff's Amended Complaint, the Ewing Group filed a combined Answer, in which all Defendants, other than FFL, asserted Counterclaims against Plaintiff and Third-Party Claims against the Albright Group. The Ewing Group asserts that these claims arise out of Plaintiff's and the Albright Group's alleged operation of "pyramid scheme," and their actions related to such scheme, which includes the "unlawful churning and twisting of insurance policy-holders' insurance polices." (Answer, Counterclaim, Third Party Compl. [Doc. #17], at 15.) The Ewing Group claims that Plaintiff and the Albright Group are liable for fraudulently inducing the Ewing Group into such scheme. Based on these alleged actions the Ewing Group asserts a total of 12 claims against Plaintiff and the Albright Group. First, the Ewing Group asserts a claim for declaratory judgment, requesting that the Court find that the agent and management agreements are invalid for lack of consideration among other arguments. Second, the Ewing Group asserts a claim for rescission of the management and agent agreements based on Plaintiff's and the Albright Group's alleged fraudulent inducement. Third, the Ewing Group

asserts a Counterclaim against Plaintiff and Third-Party Claim against the Albright Group for fraud based upon the parties' alleged fraudulent statements and omissions concerning various aspects of the Ewing Group's employment with NAA. Fourth, the Ewing Group asserts a Counterclaim against Plaintiff and Third-Party Claim against the Albright Group based upon the parties' alleged misrepresentation and suppression concerning various aspects of the Ewing Group's employment with NAA. Fifth, the Ewing Group asserts a Counterclaim against Plaintiff for breach of the duties of loyalty, due care, good faith, and fair dealing in relation to the management and agent agreements. Sixth, the Ewing Group asserts a Counterclaim for breach of contract against Plaintiff in relation to the management and agent agreements. Seventh, the Ewing Group asserts a breach of contract Counterclaim against Plaintiff and a Third-Party Claim against the Albright Group based on alleged oral and implied contracts or agreements. Eighth, the Ewing Group asserts a Counterclaim against Plaintiff and a Third-Party Claim against the Albright Group for defamation concerning alleged statements made about the individuals that comprise the Ewing Group. Ninth, the Ewing Group asserts a Counterclaim of conversion against the Plaintiff based on Plaintiff's alleged wrongful withdrawal of funds from the Ewing Group's individual bank and credit accounts. Tenth, the Ewing Group asserts a Counterclaim against Plaintiff and a Third-Party Claim against the Albright Group for unfair and deceptive trade practices. Eleventh, the Ewing Group asserts a Counterclaim against Plaintiff and a Third-Party Claim against the Albright Group for tortious interference with business or contractual relations. Twelfth, the Ewing Group asserts a Counterclaim against Plaintiff and a Third-Party Claim against the Albright Group for civil conspiracy based on the

allegation that they acted in concert in committing the above violations. The Ewing Group also asserts a separate claim for punitive damages against Plaintiff and the Albright Group based on the alleged foregoing actions.

Both Plaintiff and the Albright Group filed separate Motions to Dismiss the above-described claims. In the Albright Group's Motion to Dismiss, it argues that the Ewing Group cannot assert these claims because the alleged liability of the Albright Group in this action is not derivative of or secondary to the Ewing Group's liability to Plaintiff. Plaintiff's arguments in its Motion to Dismiss are related to the Albright Group's argument, in that it also argues that the claims against the Albright Group are improper because its liability would not be secondary or derivative to the Ewing Group's liability. Plaintiff then argues that it is impossible to determine which claims are asserted against Plaintiff, versus which claims are asserted against the Albright Group. As a result, Plaintiff argues that the entirety of the Ewing Group's claims must be dismissed against both Plaintiff and the Albright Group. In response to the Motions to Dismiss, the Ewing Group argues that the individuals that make up the Albright Group, are proper parties to this lawsuit pursuant to Rule 14, Rule 19, and Rule 20 of the Federal Rules of Civil Procedure.

II. DISCUSSION

Both Plaintiff's and the Albright Group's Motions revolve around the issue of whether the Third-Party Claims are properly asserted against the Albright Group in this action. Accordingly, prior to addressing Plaintiff's Motion to Dismiss regarding the impossibility of determining which claims are asserted against which party, the Court will address whether the

5

Ewing Group properly asserted the claims against the Albright Group.

      A.      The Albright Group's Motion to Dismiss - Rule 14

The Albright Group argues that the Ewing Group improperly added the claims against it pursuant to Rule 14 of the Federal Rules of Civil Procedure. Rule 14(a)(1) provides that a defendant may "as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). This means that the defendant may only join a third-party defendant when the third-party defendant is liable to the defendant for the losses sustained by the defendant as a result of the plaintiff's claim. Accordingly, it is not enough to only find that the claims arise from the same transaction or occurrence. See GE Healthcare Financial Services v. EBW Laser, Inc., 225 F.R.D. 176, 180 (M.D.N.C. 2004); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1446 (3d ed. 2015). Instead, the third-party defendant must be derivatively or secondarily liable to the plaintiff. Watergate Landmark Condominium Unite Owners' Ass'n v. Wiss, Janey Elstner Assoc., Inc., 117 F.R.D. 576, 578 (E.D. Va. 1987).

In this case, the Ewing Group argues that the Albright Group's liability is derivative. Derivative liability is defined as, "[l]iability for a wrong that a person other than the one wronged has a right to redress." Black's Law Dictionary, 926 (7th ed. 1999). In other words, the third-party defendant's liability to the defendant is dependent on finding that the defendant wronged the plaintiff. Laughlin v. Dell Financial Services, L.P., 465 F. Supp. 563, 566 (D.S.C. 2006); see also Scott v. PPG Industries, Inc., No. 89-2362, 1990 WL 200655, at *3 (4th Cir. December 13, 1990) (citing authority for the proposition that the third-party's liability must in some way be

6

dependent on the outcome of the main claim). Such situations that constitute a proper basis for a third-party complaint generally include those that arise in the context of indemnification, subrogation, and express or implied warranties. Wright & Miller, supra, § 1446. Whether or not a defendant has a right to contribution under such theories in a federal case where jurisdiction is founded on diversity, depends on the law of the state. Id. However, "federal law determines whether that right may be asserted by way of Rule 14." Id.

The Ewing Group's argument in support of its contention that, based on Rule 14, the Albright Group was properly joined, relies primarily on the assertion that the Albright Group fraudulently induced the Ewing Group into the relationships that are the subject of this case. Essentially, the Ewing Group argues that if it is liable to Plaintiff for any breach of contract or any act that results from the Ewing Group's previous relationships with Plaintiff, the Albright Group is liable to the Ewing Group for fraudulently inducing the Ewing Group into such relationships and contracts.[2] The main case that the Ewing Group relies upon for the contention that its claims of fraudulent inducement are proper Third-Party Claims in this action is Farmers Production Credit Ass'n of Oneonta v. Whiteman, 100 F.R.D. 310 (N.D.N.Y. 1983). In Farmers, the plaintiff, a credit association, instituted a foreclosure action to recover money

---

[2]The Court notes that while the Ewing Group argues that the Albright Group's acts of fraudulent inducement provide a basis for derivative liability, the Ewing Group never explains how the claims the Ewing Group asserts against the Albright Group for things such as defamation, tortious interference, and breach of oral and implied contracts, are based on derivative or secondary liability. Such claims would, however, be proper under Rule 18 of the Federal Rules of Civil Procedure if the Court found that the Ewing Group asserted at least one proper Third-Party Claim against the Albright Group. See Fed. R. of Civ. P 18(a) ("A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.")

7

owed on a promissory note and mortgage. 100 F.R.D. at 311. In response, the defendants filed claims against third-parties, alleging that such third-parties were liable for the outstanding balance of the mortgage as a result of their misrepresentations made to the defendants that induced them into entering into the mortgage. Id. The court found that based on this assertion, defendants had properly asserted their claim pursuant to Rule 14(a). Id. at 313–14; see also Deutsche Bank National Trust Co. v. Tyner, 233 F.R.D. 460, 463 (D.S.C. 2006) (finding that third-party claims, which alleged that others were responsible for the defendants' default on their mortgage based on theories such as negligent misrepresentation, were proper third-party claims.)

In a more recent case, however, a district court came to the exact opposite conclusion. See Deman Data Systems, LLC v. Schessel, No. 8:12-cv-2580, 2014 WL 408443 (M.D. Fla. Feb. 3, 2014). In Deman Data, the plaintiff asserted various claims against a former employee. Id., at *2. One of these claims sought to enforce certain promissory notes entered into between the plaintiff and the defendant. Id., at * 4. The defendant filed a third-party claim against the plaintiff's CEO, arguing that the CEO fraudulently induced the defendant into entering into these promissory notes with the plaintiff. Id. The district court found that the defendant could not properly implead the CEO based on his claim that the CEO fraudulently induced the defendant into entering into the promissory notes. Id., at *5–6. In making such finding, the court relied upon the fact that the CEO's liability for the fraud-in-the-inducement claim would not be eliminated if the plaintiff's claim against the defendant failed. Id., at *6. In other words, the court found that because the third-party claim was not dependent upon the outcome of the main claim, a third-party claim was improper.

8

The Court finds the reasoning in Deman Data more persuasive and that it is in better agreement with the case law concerning third-party claims in general. As stated above, a third-party defendant's liability to a defendant is dependent on finding that the defendant wronged the plaintiff. In this situation, the Ewing Group has not alleged that the Albright Group's liability is dependent on the outcome of Plaintiff's breach of contract claims asserted against the Ewing Group. Instead, the Ewing Group's requested relief for its fraud claim against the Albright Group is completely independent from any potential liability that may be imposed upon the Ewing Group based on Plaintiff's claims. Specifically, rather than asserting that the Albright Group is liable for any damages that the Ewing Group incurs from Plaintiff's claims, the Ewing Group alleges that the Albright Group is liable for, "all damages caused by the fraud, including such compensatory, punitive, lost income, and consequential damages as are proven at trial." (Answer, Counterclaim, Third Party Compl. [Doc. #17], at ¶ 339.) Accordingly, the Court finds that the Ewing Group has not asserted proper Third-Party Claims pursuant to Rule 14 of the Federal Rules of Civil Procedure against the Albright Group. This does not mean, however, that the Ewing Group cannot assert its allegations of fraudulent inducement as a defense to Plaintiff's claims of breach of contract. This finding only prevents such theory as providing a basis for the Ewing Group's Third-Party Claims asserted against the Albright Group.

B.     The Albright Group's Motion to Dismiss - Rules 19 & 20

In response to the Albright Group's original argument that the Ewing Group failed to properly assert its Third-Party Claims pursuant to Rule 14 of the Federal Rules of Civil Procedure, the Ewing Group argues that even if such claims are not proper under Rule 14, Rules

9

19 and 20 provide a basis for the joinder of the Albright Group as Counterclaim Defendants. The Albright Group, in response to this argument, assert that the Ewing Group cannot join the Albright Group in this manner, because such joinder would destroy the basis for diversity jurisdiction, as some of the individuals that comprise the Albright Group are residents of the same states as some of those individuals that comprise the Ewing Group.

Initially, the Court notes that the Albright Group's argument concerning jurisdiction is without merit. The Fourth Circuit has clearly stated that the diversity limitation for supplemental jurisdiction "applies only to plaintiffs' efforts to join nondiverse parties." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 492 (4th Cir. 1998). Thus, the Ewing Group, as Defendants in this action, may join nondiverse parties as Counterclaim Defendants pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367(a). Id. Thus, the Court will consider whether the Ewing Group properly asserted its claims against the Albright Group as Counterclaim Defendants under either Rule 19 or Rule 20.

Rule 13(h) of the Federal Rules of Civil Procedure allows a party to assert counterclaims against those who have been properly added pursuant to Rule 19 or Rule 20. See Fed. R. Civ. P. 13(h); see also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1434 (3d ed. 2015). The Court will first address joinder pursuant to Rule 19. Rule 19 provides a basis for the joinder of necessary and indispensable parties. The rule has two parts. First, Rule 19(a) provides that,

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). If it is not feasible to join a party, Rule 19(b) provides that, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Id. at 19(b). Accordingly, the rule requires a two-step inquiry. Specifically, the Court must determine: "(1) whether the party is "necessary" to the action under Rule 19(a); and (2) whether the party is "indispensable" under Rule 19(b)." Am. Gen. Life and Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005). The party seeking joinder under Rule 19 "bears the burden of showing that an absent party is needed for a just adjudication. Cytec Industries, Inc. v. Powell, 630 F. Supp. 2d 680, 685 (N.D. W.Va. 2009) (citing Wood, 429 F.3d at 92).

In the instant case, the Ewing Group has not attempted to explain to the Court why the individuals in the Albright Group are necessary parties pursuant to Rule 19(a). In support of the Ewing Group's arguments that the parties are properly joined under Rule 19, they merely state that "[n]owhere in their Motions did Plaintiff or any of the [Albright Group] deny that the [individuals] are necessary and indispensable parties to this case." (Resp. to Motions to Dismiss [Doc. #40], at 13.) The Ewing Group further states that "for the sake of judicial economy, and given the [individuals'] extensive roles in the facts at issue in this case" the individuals in the Albright Group are proper parties under Rule 19. (Id.) While judicial economy may or may not

11

be served by the Albright Group's joinder, and while the individuals may or may not have had extensive roles in the facts at issue, these two reasons do not satisfy the requirements of finding that the individuals in the Albright Group are necessary parties pursuant to Rule 19(a). The Ewing Group has not asserted that the Court cannot accord complete relief among the existing parties concerning the current Counterclaims asserted against Plaintiff. Furthermore, the Ewing Group has not asserted that disposing of the action without the Albright Group would impair or impede the individuals' ability to protect their interests or subject them to a risk of incurring multiple or inconsistent obligations related to their interests. Additionally, it appears from reading the Ewing Group's claims asserted against the Albright Group, that the Ewing Group asserts that the individuals in the Albright Group and Plaintiff are joint tortfeasors. Thus, it is likely impossible for the Ewing Group to assert that Third-Party Defendants are necessary parties pursuant to Rule 19(a), because "it has long been the rule that it is not necessary for all joint tortfeasors to be named [] in a single lawsuit." Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7, 111 S. Ct. 315, 316, 112 L. Ed. 2d 263 (1990). As the Ewing Group has failed to establish that the individuals of the Albright Group are necessary parties to this action pursuant to Rule 19(a), the Court need not consider whether such individuals are indispensable pursuant to Rule 19(b). Accordingly, because the individuals in the Albright Group are not necessary parties to the action the Court finds that joinder of the Albright Group as Counterclaim Defendants pursuant to Rule 19 is improper.

Next, the Ewing Group asserts that it properly joined the Albright Group pursuant to Rule 20 of the Federal Rules of Civil Procedure. Initially, the Court notes, that pursuant to the

Ewing Group's Answer, Counterclaim, and Third-Party Complaint, the Ewing Group sought to join the additional parties pursuant to Rule 14 and Rule 19, not pursuant to Rule 20. (See Answer, Counterclaim, Third Party Compl. [Doc. #17], at n.1.) The Ewing Group in its Response to the Motions to Dismiss, however, indicated that it properly joined the Albright Group as Counterclaim Defendants pursuant to Rule 20, in addition to Rule 19. The Albright Group and Plaintiff had the opportunity to respond to this argument, and in so doing, they only made the above argument concerning the divestment of the Court's subject-matter jurisdiction. As stated above, such argument is without merit. The Ewing Group as Defendants in this action may join additional parties by way of the supplemental jurisdiction statute because the diversity limitations of such statute only apply to a plaintiff's ability to join nondiverse parties. Kapiloff, 155 F.3d at 492. Thus, because Plaintiff and the Albright Group had the opportunity to respond to the Ewing Group's Rule 20 argument, the Court will address the Albright Group's joinder under Rule 20 as Counterclaim Defendants.

As stated above, pursuant to Rule 13(h), Rule 20 or Rule 19 govern the joinder of parties to counterclaims. Rule 20(a) provides in part that persons may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Thus, both requirements—that the right to relief must arise out of the same transaction or occurrence and that some question of law or fact common to all parties will arise—must be met for proper joinder pursuant to Rule 20. 6 Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure § 1653 (3d ed. 2015).

In the current action, both requirements pursuant to Rule 20 are met. First, in all of the Ewing Group's claims asserted against the Albright Group, the Ewing Group also asserts the same right to relief against Plaintiff. This right to relief also appears to arise from the same series of transactions or occurrences. Specifically, as to the Ewing Group's Counterclaim against Plaintiff for fraud, the Ewing Group asserts that Plaintiff and the Albright Group falsely represented various aspects of the Ewing Group's employment with Plaintiff. Thus, all of the assertions of fraud arise from Ewing Group's employment with Plaintiff. Similar assertions concerning the connection between Plaintiff's and the Albright Group's actions exist to form the basis of the other claims asserted against the Albright Group. Furthermore, as the Ewing Group is asserting the same claims against Plaintiff that they seek to assert against the Albright Group, common questions of law concerning those claims are likely to arise. Accordingly, the Court finds that joinder of the Albright Group as Counterclaim Defendants pursuant to Rule 20, is proper. Thus, for this reason, the Court will deny the Albright Group's Motion to Dismiss.

    C.    Plaintiff's Motion to Dismiss

In support of Plaintiff's Motion to Dismiss the Ewing Group's Answer, Counterclaim, and Third-Party Complaint, Plaintiff asserts that the Ewing Group has failed to assert a proper basis to add the Albright Group pursuant to Rule 14 of the Federal Rules of Civil Procedure. Due to this failure, in conjunction with the argument that it is impossible to determine which allegations are asserted against Plaintiff alone, Plaintiff argues that the entirety of the

Counterclaim and Third-Party Complaint must be dismissed. The Court finds that this argument must fail for two reasons.

First, this argument is without merit because of the above finding that the individuals that comprise the Albright Group are proper Counterclaim Defendants pursuant to Rule 20. Accordingly, the Ewing Group can properly assert its claims against the Albright Group. Second, the argument is without merit, because even if the Court dismissed the claims against the Albright Group, the Ewing Group makes clear which claims that it is asserting against which party. For example, the Ewing Group names both Plaintiff and the Albright Group in its claim for fraud. The Ewing Group, however, does not name the Albright Group in its claim for breach of contract or claim for breach of duties of loyalty, due care, good faith, and fair dealing. Thus, it is unclear as to why Plaintiff insists that the claims against the Plaintiff and the Albright Group are indistinguishable. Accordingly, the Court will deny Plaintiff's Motion to Dismiss.

III. CONCLUSION

In sum, for the reasons stated above the Court denies both Plaintiff's Motion to Dismiss and the Albright Group's Motion to Dismiss. The individuals comprising the Albright Group are proper Counterclaim Defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure. Ewing Group and FFL—the Defendants in this action—are directed to file an Amended Answer and Counterclaim reflecting the outcome of the Court's decision. Specifically, because this Court found that the Ewing Group's claims against the Albright Group are only proper as Counterclaims, rather than Third-Party Claims, the Ewing Group should assert its claims against both Plaintiff and the Albright Group as Counterclaims.

IT IS THEREFORE ORDERED that the Albright Group's Motion to Dismiss [Doc. #29] and Plaintiff's Motion to Dismiss [Doc. #31] are hereby DENIED. IT IS FURTHER ORDERED that the Ewing Group and FFL file an Amended Answer and Counterclaim, as described above, reflecting the outcome of the Court's decision within 14 days from the entry of this Memorandum Opinion and Order.

This the 25th day of February, 2015.

_____
United States District Judge